Gunn *vs.* Miller.

the judgment was entered and signed by the Judge. During this colloquy, Oliver was within the bar, and part of the time, consulting with said plaintiff's attorney. Next day, Oliver, by his attorneys, filed a plea of the general issue, and that said account was fully paid; but did not say when or how it was paid; and counsel stated for Oliver that he having paid said demand, supposed there would be no effort to take judgement against him, and therefore had filed no plea nor employed counsel; that the cause was called out of its order, and he wished now to pay the costs and set said judgment aside. The Court refused to set it aside, and that is assigned as error.

HAWKINS & BURKE; N. A. SMITH, for plaintiff in error.

C. T. GOODE, for defendants.

---

JOHN McK. GUNN, plaintiff in error, *vs.* N. H. MILLER, defendant in error.

When Gunn obtained a judgment against Hall in May, 1866, and in June, 1868, Miller purchased a tract of land from the heirs-at-law of Hall, who died after Gunn obtained his judgment against her, and Miller claimed a homestead on the land as against Gunn's judgment:

*Held,* That Miller, the purchaser of the land from the heirs of Hall, the defendant in the judgment, was not entitled to claim a homestead on the land as against Gunn's judgment.

Lien of judgments. Homestead. Before Judge HARRELL. Randolph Superior Court. May Term, 1871.

On the 12th of May, 1866, Gunn obtained a judgment against Louisa A. Hall, and a *fi. fa.* issued thereon, on the 19th of February, 1869, was levied upon certain land as her property.   Miller claimed said land.

On the trial, plaintiff put in evidence his *fi. fa.*, and showed that Mrs. Hall was in possession of said land during 1866, left it in the latter part of that year, leaving her children in possession, and died while away.   Miller put in evidence a deed by which, in June, 1868, the sole heirs of Mrs. Hall conveyed said land to him in fee simple.   And he testified that when he bought the land from them he did not know there was any judgment against Mrs. Hall.   He then put in evidence, over plaintiff's objection for irrelevancy, a petition and proceedings thereon, under which Miller had this land set aside as his homestead in April, 1869.

By consent the matter was submitted to the Judge, and he held that the land was not subject to the judgment.   A new trial was moved for upon the grounds that the Court erred in allowing as evidence the petition, etc., under which Miller claimed said land as his homestead, and in holding that the land was not subject, because the Homestead Act of 1868, as against this judgment, cannot be enforced without impairing the obligation of the contract between Gunn and Mrs. Hall.   He refused a new trial, and that is assigned as error.

William D. Kiddoo, for plaintiff in error.

H. Fielder, L. S. Chastian, for defendant, cited 39 Georgia Reports, 386, 425.

Warner, Judge.

The main question presented by the record in this case is, whether Miller was entitled to a homestead in the land as against the plaintiff's judgment which was obtained against Louisa Hall, who was the owner of the land at the time of the rendition thereof.   The judgment against Louisa Hall

is dated 12th May, 1866.  On the 3d of June, 1868, Miller purchased the land from T. K. Hall and Eliza R. Young, the heirs-at-law of Louisa Hall, the defendant in the judgment, who died after the rendition thereof.  On the 10th of April, 1869, Miller applied for and obtained from the Ordinary of Randolph county a homestead on the land.  The Court below decided that Miller was entitled to the homestead as against the plaintiff's judgment, to which decision the plaintiff excepted.  The Court below erred in holding, and deciding, that Miller was entitled to a homestead in the land as against the plaintiff's judgment, on the statement of facts contained in the record.

Judgment reversed.